UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

In re DRYWALL LITIGATION

Relates to Case Numbered:

8:21-cv-2779

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON ISSUES PARTICULAR TO THIS CASE
AND INCORPORATED MEMORANDUM OF LAW

Defendants, Knauf Gips KG and Knauf Plasterboard Tianjin Co., Ltd. (collectively, the "Knauf Defendants"), pursuant to Federal Rule of Civil Procedure 56 and this Court's Case Management and Scheduling General Order entered in the related cases grouped as *In re DRYWALL LITIGATION*,[1] file this motion for summary judgment addressing the issues specific to this particular case brought by Plaintiffs Christopher and Julianne Kopach (the "Kopachs"). The Knauf Defendants are entitled to judgment as a matter of law that the Kopachs' claims should be dismissed because they are barred by Florida's subsequent purchaser rule.

---

[1] On April 12, 2022, Magistrate Judge David Baker entered a Case Management and Scheduling General Order that applies to the related cases grouped as *In re DRYWALL LITIGATION*. (*See* Case No. 8:21-cv-887, Doc. 41.) In that Order, the Court permitted the Knauf Defendants to "file two separate motions for summary judgment in each case, one motion addressing the issues common to all cases, and one motion addressing the issues specific to the particular case in which it is filed." (*Id*. at 3.) This is the Knauf Defendants' motion addressing issues specific to this particular case.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. The Kopachs allege that defective Chinese-manufactured drywall product has been found in their property located at 20318 Chestnut Grove Drive, Tampa, FL. *See* Complaint (Doc. 1).

2. The Kopachs further allege that as a direct and proximate result of the drywall installation, he has suffered damages. *Id.*

3. The Kopachs purchased the house at issue on January 9, 2009. *See* Ex. 3, at Plaintiff Fact Sheet at 1.

4. The alleged defective drywall was installed in the property in 2006, prior to the Kopachs' acquisition of the property. *See* Ex. 2, Supplemental Plaintiff Profile, at 2.

5. The Kopachs do not allege in the Complaint, nor have the Kopachs provided any evidence whatsoever, that an assignment of rights from the previous property owner to the Kopachs was executed. *See generally* Complaint (Doc. 1).

**ARGUMENT**

**I.  Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1311 (11th Cir. 2018). "Summary judgment is proper where the

pleadings, depositions and affidavits demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1310 (11th Cir. 2002). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004) (internal citations omitted).

> A party asserting that a fact cannot be … genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the … presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Here, the Kopachs cannot show the existence of a genuine issue of any fact material to the application of the subsequent purchaser rule. Therefore, the Knauf Defendants are entitled to judgment as a matter of law.

3

## II. The Knauf Defendants Are Entitled to Summary Judgment Under Florida's Subsequent Purchaser Rule.

Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without a specific assignment of that cause of action.

> Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. … In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed."

*Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 496 (Fla. 3d DCA 1994) (citing *Selfridge v. Allstate Ins.*, 219 So. 2d 127, 128 (Fla. 1969); and quoting *State Road Dep't. v. Bender*, 2 So. 2d 298 (Fla. 1941)). "When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, No. 3:16-CV-627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) (citing *Ginsberg*, 645 So. 2d at 496).

An assignment of rights must be effectuated at the time the complaint is filed to be valid, as "[i]n order for an assignment with a retroactive effective date to be valid for standing purposes, the assignee must possess the assigned right 'on the day it filed the complaint.'" *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1219 (11th Cir. 2020) (citing *Abraxis Bioscience,*

4

*Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010)). "***This requirement cannot 'be met retroactively.'***" *Id*. (emphasis added) (*citing Abraxis Bioscience*, 625 F.3d at 1366; *Jeff-Ray Corp. v. Jacobson*, 566 So. 2d 885, 886 (Fla. 4th DCA 1990) (holding that an assignment of the right to sue is invalid if it was executed after the lawsuit was filed)).

Where there is no assignment of a cause of action at the time a Complaint is filed, dismissal is proper. For instance, in *Durrance v. Horner*, 711 So. 2d 135 (Fla. 5th DCA 1998), a neighbor piled dirt onto the prior owner's fence and the subsequent owner of the property sought damages. Applying the subsequent purchaser rule explained above, the court held that the subsequent owner's claims were barred because there was no assignment of that cause of action. *Id*. at 136–37. Similarly, in *Mazzola v. Brown & Brown, Inc.*, No. 8:13-CV-1127-T-24, 2014 WL 2441871 (M.D. Fla. May 30, 2014), the U.S. District Court for the Middle District of Florida granted summary judgment in favor of the defendant because the plaintiff was never assigned the cause of action to pursue claims against the defendant. The court specifically "grant[ed] summary judgment in favor of [defendant] to the extent that the Agreement does not assign [the proper party's] causes of action against [defendant] to [plaintiff]." *Id*. at *4. The U.S. District Court for the Southern District of Florida has ruled the same. *See Rodriguez v. Evanston Ins. Co.*, No. 1:21-cv-21774, 2022 WL 715194 (S.D. Fla Mar. 9, 2022). In *Rodriguez*, the court ruled that "Plaintiff does ***not*** have

5

standing to bring suit against defendant based on claims for [certain services] performed at the property" because plaintiff was never assigned such causes of action. *Id.* at *4 (emphasis added).

Here, the Kopachs acquired the property in 2009, three years after the alleged defective drywall was installed in the property in 2006.[2] The Kopachs' Complaint fails to allege that they were specifically assigned or subrogated to the prior owners' right to sue for any damages from the installation of defective drywall. *See Ginsberg*, 645 So. 2d at 496 ("In order to pursue a cause of action the subsequent purchaser of the property ***must allege*** that they became owner of the property after the damage was done and 'that by assignment, he became possessed of all rights and causes of action which the original owners possessed.'") (emphasis added); *see also Llano Fin. Grp.*, 2017 WL 7596921, at *2 ("When an assignment of interests is involved, the ***plaintiff must allege*** a valid assignment of that cause of action.") (emphasis added). And the Kopachs have not produced any evidence to show that they received an assignment of claims from the property's previous owner at the time of the installation of the allegedly defective drywall. Therefore, the Kopachs' claims are barred.

Further, the MDL court in this case has already dismissed multiple cases filed in the same putative class action as MCF's claims based on Louisiana's subsequent purchaser doctrine, which is virtually identical to Florida's rule on

---

[2] *See* Ex. 3 at 2.

the same issue.³ In *In re Chinese-Manufactured Drywall Products Liability Litigation*, No. 14-2722, 2020 WL 4923150 (E.D. La. Aug. 21, 2020), *appeal dismissed*, No. 20-30751, 2021 WL 2206568 (5th Cir. Jan. 7, 2021), the U.S. District Court for the Eastern District of Louisiana granted summary judgment in favor of the defendant and dismissed the suits of all Louisiana plaintiffs in the putative class who purchased their properties after the installation of Chinese drywall, noting "[a] straightforward application of the subsequent purchaser doctrine compels the conclusion that the claims targeted by the instant motion are barred, as Plaintiffs seek to recover for property damage caused by the installation of defective drywall prior to the purchase of the respective properties." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2020 WL 4923150, at *4. Application of this virtually identical rule in this matter can lead to no other conclusion than that the Kopachs' claims are barred.

Because there is no genuine dispute as to the material facts that the Kopachs purchased the property after the allegedly defective drywall was

---

³ *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, No. 2010-2267 (La. Oct. 25, 2011), 79 So. 3d 246, 256–57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted."); *see also In re Gilley*, 236 B.R. 448, 452 (Bankr. M.D. Fla. 1999) (noting the similarities between Florida and Louisiana law on claims by subsequent purchasers and explaining that "[t]he rationale for the rule is evident, since any subsequent transferee would acquire the property in its already-damaged condition, and therefore would not have suffered any loss as a result of the occurrence of the damage").

installed and that the Kopachs have failed to show that they were assigned any cause of action from the prior owner arising from the use of that drywall, the Knauf Defendants are entitled to judgment as a matter of law that Florida's subsequent purchaser rule bars the Kopachs' claims.

## III. Conclusion

For the foregoing reasons, the Knauf Defendants request that this Court grant this Motion for Summary Judgment, dismissing the Kopachs' claims as a matter of law pursuant to Federal Rule of Civil Procedure 56.

Dated: June 13, 2022

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:  504.556.5549
Facsimile:   504.310.0275

By:   */s/ Kerry J. Miller*
 KERRY J. MILLER
 (Admitted *pro hac vice*)
 kmiller@fishmanhaygood.com
 DANIEL J. DYSART
 (Admitted *pro hac vice*)
 ddysart@fishmanhaygood.com
 REBEKKA C. VEITH
 (Admitted *pro hac vice*)
 rveith@fishmanhaygood.com
 MICHAEL R. DODSON
 (Admitted *pro hac vice*)
 mdodson@fishmanhaygood.com

*Co-Counsel for Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd (f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard
Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

By:   */s/ Timothy A. Kolaya*
 TIMOTHY A. KOLAYA
 Florida Bar No. 056140
 tkolaya@sfslaw.com

*Co-Counsel for Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd (f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 13, 2022, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Timothy A. Kolaya*