UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER KOPACH and
JULIANNE KOPACH

    Plaintiffs,

v.                                                  Case No. 8:21-cv-2779-SCB-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD. and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT ISSUES PARTICULAR TO THIS CASE

This matter is before the Court on the report and recommendation of Judge David A. Baker, entered on October 19, 2022 (the "Report"). (Doc. 55). Judge Baker recommends denying "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 47) based on a "subsequent purchaser rule."

## Background

This is one of twenty-five related cases filed against the Knauf Defendants asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs alleged that components of the drywall installed in their

homes reacted or broke down and released harmful sulfur compounds and other gases.

Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon. Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions. The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues, and one motion in each case addressing issues specific to the particular case. **The Report at issue here addresses an issue relating to this particular case: whether Plaintiffs' claims are barred by a "subsequent purchaser" rule.** The Report recommends that the Court deny the motion. The Knauf Defendants filed an objection to the Report on November 2, 2022. (Doc. 57).

With consent, review of the Report and consideration of any objections was assigned to the undersigned. The case remains under the authority of its assigned district judge in all other respects.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

## Analysis

After careful consideration of the record, including Judge Baker's Report, the Court adopts the Report.

The Knauf Defendants moved for summary judgment, arguing that Florida's "subsequent purchaser rule" barred claims for injury to property by persons who purchased the property after the damage was done, absent an assignment from the original purchaser. The motion did not address the timing or nature of the alleged injuries, the specific legal theories asserted, or whether this rule might apply to some of Plaintiffs' claims but not to others.

Judge Baker concluded that the broad and absolute rule as stated by Defendants did not reflect Florida law, which allows subsequent purchasers "to assert claims in a number of contexts." (Doc. 55 at 5) (quoting *Karpel v. Knauf Gips KG*, No. 21-24168-Civ-Scola, 2022 WL 4366946, at *2 (S.D. Fla. Sept. 21, 2022)). Judge Baker declined to analyze the issue in more detail on a count-by-count basis

because the Knauf Defendants had not provided any analysis or authority for such an approach.

The Court agrees with Judge Baker's findings and conclusions. Judge Baker properly rejected the overly broad "subsequent purchaser" rule argued in the Knauf Defendants' motion for summary judgment. The Knauf Defendants' objection to the Report retreats from advocating a broad-based rule, arguing instead only that Plaintiffs' claim for breach of implied warranty fails under a different legal principle from the "subsequent purchaser" rule posited in their motion. Judge Baker properly declined to undertake a count-by-count analysis not argued in the summary judgment motion, and the undersigned similarly declines to consider an argument presented for the first time in the Knauf Defendants' objection. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that a district judge has the discretion to decline to consider an argument raised for the first time in an objection).

Therefore, the Court adopts the Report, and denies the motion for summary judgment based on a "subsequent purchaser rule."

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 55) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Defendants' Motion for Summary Judgment on Issues Particular to This Case and Incorporated Memorandum of Law" (Doc. 47), is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3d day of February, 2023.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**